IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT CROSSLEY,

      Plaintiff,                    No. 2:12-cv-2180 LKK CKD P

  vs.

ABE NIAZI, et al.,

      Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency

1

to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

  A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

\\\\\

1     In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

    Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

    Plaintiff names four defendants: Niazi, a registered nurse at Mule Creek State Prison (MCSP); Galloway and Todd, physicians at MCSP; and Heffner, a doctor and "chief executive officer" at MCSP. (Dkt. No. 1 at 2.) Plaintiff alleges that in December 2009, he broke his right hand. He underwent hand surgery at an outside hospital on January 8, 2010, which "left a plate and seven screws" in his hand. (Id. at 3.) Plaintiff alleges that between January 16, 2010 and March 29, 2011, he informed defendants in person or through the inmate appeals process that his hand was not healing well, appeared infected, and was causing him pain and "locking up." On May 12, 2011, plaintiff underwent a second surgery on his right hand by an outside surgeon, Dr. Lovett. Plaintiff attaches to the complaint pre- and post-operative notes from Dr. Lovett, stating in part that plaintiff's condition was "consistent with a chronic infection of an indolent type"; "each of the screws was loose except for the most proximal screw"; and that the 2011 surgery was for "removal of hardware, which was loose, as well with subsequent cultures showing a positive staph infection which had been ongoing for unfortunately probably over a

1  year since the time of surgery." (Id. at 52-53.)  Plaintiff alleges that defendants' lack of treatment
2  of his hand between the first and second surgeries constitutes deliberate indifference to his
3  serious medical need in violation of the Eighth Amendment.
4        "[T]o maintain an Eighth Amendment claim based on prison medical treatment,
5  an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439
6  F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two
7  part test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by
8  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury
9  or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need
10 was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d
11 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d
12 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown
13 by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm
14 caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In
15 order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient
16 facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk
17 to [Plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).
18       In applying this standard, the Ninth Circuit has held that before it can be said that
19 a prisoner's civil rights have been abridged, "the indifference to his medical needs must be
20 substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
21 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing
22 Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or
23 treating a medical condition does not state a valid claim of medical mistreatment under the
24 Eighth Amendment.  Medical malpractice does not become a constitutional violation merely
25 because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,
26 45 F.3d 1310, 1316 (9th Cir.1995); McGuckin, 974 F.2d at 1050, overruled on other grounds,

1    WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate
2    indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
3    1990).
4             Also, "a difference of opinion between a prisoner-patient and prison medical
5    authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662
6    F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that
7    the course of treatment the doctors chose was medically unacceptable under the circumstances ...
8    and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's
9    health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A
10   prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate
11   indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).
12            For screening purposes, the court concludes that plaintiff has stated an Eighth
13   Amendment deliberate indifference claim as to defendants Niazi, Galloway, and Heffner.  As to
14   defendant Todd, plaintiff alleges that he never examined plaintiff, but submitted a routine request
15   for plaintiff to see an orthopedist.  (Dkt. No. 1 at 5-6.)  The court does not find that these actions
16   rise to the level of deliberate indifference.
17            Plaintiff will be given 28 days from the date of service of this order to amend his
18   complaint to cure any deficiencies outlined above.  Plaintiff is not required to file an amended
19   complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-
20   mentioned defendants and causes of action with prejudice.  Upon filing an amended complaint or
21   expiration of the time allowed therefor, the court will make further orders for service of process
22   upon some or all of the defendants.
23            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
24   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
25   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
26   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

1  there is some affirmative link or connection between a defendant's actions and the claimed
2  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
3  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
4  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
5  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6        In addition, plaintiff is informed that the court cannot refer to a prior pleading in
7  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
8  complaint be complete in itself without reference to any prior pleading.  This is because, as a
9  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
10 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
11 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
12 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13       Furthermore, any amended complaint shall not include allegations unrelated to the
14 claims that are the subject of this action.

15       Plaintiff has requested the appointment of counsel.  The United States Supreme
16 Court has ruled that district courts lack authority to require counsel to represent indigent
17 prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In
18 certain exceptional circumstances, the court may request the voluntary assistance of counsel
19 pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
20 Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court
21 does not find the required exceptional circumstances.  Plaintiff's request for the appointment of
22 counsel will therefore be denied.

23       In accordance with the above, IT IS HEREBY ORDERED that:
24       1. Plaintiff's motion to proceed in forma pauperis (Dkt. No. 3) is granted;
25       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
26 The fee shall be collected and paid in accordance with this court's order to the Director of the

1 California Department of Corrections and Rehabilitation filed concurrently herewith;

2     3. Plaintiff's claims against defendant Todd are dismissed with leave to amend.

    4. Plaintiff is granted 28 days from the date of service of this order to amend his complaint to cure the deficiencies outlined in this order.  Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to the dismissal of the above-mentioned defendant;

    5. If plaintiff elects to amend, any amended complaint shall bear the docket number assigned to this case, and shall be labeled "First Amended Complaint";

    6. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants; and

    7. Plaintiff's August 21, 2012 motion to appoint counsel (Dkt. No. 4) is denied.

Dated: October 17, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
cros2180.B