UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT CROSSLEY,<br><br>             Plaintiff,<br><br>      v.<br><br>ABE NIAZI, et al.,<br><br>             Defendants. | No. 2:12-cv-2180 LKK CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against four medical defendants on the complaint filed November 9, 2012, which alleges inadequate medical care of plaintiff's broken right hand between surgeries in 2010 and 2011. The case is in the discovery phase. Before the court are three pending motions by plaintiff.

I. Motion to Amend

Plaintiff seeks leave to file a second amended complaint. He states that he wishes to "summarize facts in support of his claim in order to correct misconceptions." (ECF No. 33 at 1.) He also seeks to allege additional facts against defendants Niazi and Galloway regarding the medical treatment of his hand. Plaintiff has not attached a proposed second amended complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be given freely when justice requires. In deciding whether justice requires granting leave to amend, factors

to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. Forman v. Davis, 371 U.S. 178, 182 (1962).

Here, defendants do not oppose plaintiff's motion. (ECF No. 36.) However, plaintiff has not demonstrated that justice requires leave to amend in this instance. Plaintiff has made detailed allegations in the operative complaint and will have the opportunity to submit any additional documents that tend to support his medical indifference claims against defendants. Moreover, plaintiff offers no good reason why the changes he now proposes were not made in the operative complaint. Accordingly, the court will decline to grant leave to amend under Rule 15(a).

II. Motion to Appoint Counsel

Plaintiff has requested the appointment of counsel. (ECF No. 34.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied without prejudice to renewing the motion at a later stage of the proceedings.

III. Motion for Bench Trial

Finally, plaintiff has requested a bench trial. (ECF No. 32.) Defendants have requested a jury trial. (ECF No. 23.) Given that dispositive motions have not been filed, plaintiff's motion is premature. The court will take up this matter in its pretrial order, if any such issues.

////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for a bench trial (ECF No. 32) is denied as premature;

2. Plaintiff's motion to amend the complaint (ECF No. 33) is denied; and

3. Plaintiff's motion to appoint counsel (ECF No. 34) is denied without prejudice to renewal at a later stage of the litigation.

Dated: August 23, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / cros2180.31

3