UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT CROSSLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>ABE NIAZI, et al.,<br><br>    Defendants. | No. 2:12-cv-2180 TLN CKD P<br><br><br>ORDER |

  Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  Plaintiff claims that four defendants violated his rights under the Eighth Amendment by acting with deliberate indifference to post-operative complications suffered by Plaintiff following surgery on his right hand. The matter is before the Court on Defendants' motion for summary judgment. On July 11, 2014, the magistrate judge filed findings and recommendations herein recommending that the motion for summary judgment be granted. The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations. Plaintiff objects to the recommended grant of summary judgment for Defendants Nurse Abe Niazi and Dr. Richard Galloway.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. For the reasons set forth below, the Court declines to adopt the recommendation as to either Defendant Niazi or Defendant Galloway.

The relevant facts and legal standards as to these two Defendants are set forth in the findings and recommendations and need not be repeated here. With respect to both Defendants, the magistrate judge found that the facts show no more than a difference of opinion between Plaintiff and these two medical professional Defendants and, therefore, that the Defendants are entitled to summary judgment. This Court does not agree.

With respect to Defendant Niazi, there are material factual disputes between the parties about whether Plaintiff required examination by a physician which preclude summary judgment for Defendant Niazi. Plaintiff avers that he told Defendant Niazi that Plaintiff had been instructed by his surgeon, Dr. Lovett, and other medical staff, to notify a physician if Plaintiff saw signs of infection[1], that Plaintiff had seen "putrid puss" coming from his wound for two days, including that morning, and that Plaintiff needed his dressing changed by a physician. Pls. Ex. F (ECF No. 47) at 71. Plaintiff avers that Defendant Niazi told Plaintiff it was Sunday and Niazi was the only one there, and that Niazi sent Plaintiff back to his cell without calling a physician or scheduling a follow-up appointment. Defendant Niazi avers that he detected no odor coming from Plaintiff's wound and determined no physician needed to be called.

The dispute between the parties over whether Plaintiff's wound was emitting malodorous pus precludes summary judgment for Defendant Niazi. Plaintiff's testimony concerning what he saw and smelled coming from his open wound is competent evidence and sufficient to create a triable issue of material fact. Moreover, Plaintiff has also presented evidence that he was instructed by his surgeon to notify a doctor if Plaintiff saw signs of infection. This fact is apparently disputed by Defendants. If proved, however, it is undisputed that Defendant Niazi

---

[1] The magistrate judge found that there is "no evidence that Dr. Lovett issued a discharge order requiring plaintiff to be seen by a physician (rather than a nurse) if his wound began swelling or leaking." Findings and Recommendations (ECF No. 56). In fact, Plaintiff avers that Dr. Lovett told Plaintiff to "notify the physician" if he saw signs of infection.

interfered with Plaintiff's ability to notify a doctor.  Finally, Plaintiff's version of events gives rise to a reasonable inference that the care provided by Defendant Niazi was inadequate and deliberately indifferent to what was required to adequately treat the signs of infection reported by Plaintiff.  For all of these reasons, Defendant Niazi is not entitled to summary judgment.[2]

With respect to Defendant Galloway, the magistrate judge found that Defendant Galloway examined Plaintiff on November 9, 2010, and that "[p]laintiff and Dr. Galloway give differing accounts of what happened at that appointment."  Findings and Recommendations (ECF No. 56) at 6.  As with the evidence concerning Plaintiff's January 2010 visit with Defendant Niazi, these "differing accounts" are material to Plaintiff's claim against Defendant Galloway.  If believed, Plaintiff's description of his medical condition and Defendant Galloway's response to it, (see Findings and Recommendations (ECF No. 56) at 6:4-14), could persuade a reasonable jury that Defendant Galloway was deliberately indifferent to the condition described.  Similarly, disputes of fact between the parties over the progress, or lack thereof, in Plaintiff's symptoms and Defendant Galloway's response preclude summary judgment for Defendant Galloway on any aspect of Plaintiff's Eighth Amendment claim against said Defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 11, 2014, are adopted in part; and

2. Defendants' December 20, 2013, motion for summary judgment (ECF No. 43) is denied as to Plaintiff's claims against Defendants Niazi and Galloway and granted in all other respects; and

3. This matter is referred back to the magistrate judge for further pretrial proceedings.

---

[2] In June 2011, a culture from Plaintiff's surgical site was positive for staph infection which Plaintiff's surgeon noted "had been ongoing for unfortunately probably over a year."  Findings and Recommendations (ECF No. 56) at 11.  The magistrate judge suggests this evidence "cannot serve to impute a 'deliberately indifferent' state of mind to Nurse Niazi in January 2010", particularly where the surgeon, on visual examination in April 2011 "noted 'no signs of infection.'"  Id.  This suggestion assumes, improperly, that there were no signs of infection in January 2010.  Indeed, this note from Dr. Lovett gives rise to an inference that Plaintiff's description of his hand in 2010 is credible and descriptive of infection.

3

Dated: October 1, 2014

_____
Troy L. Nunley
United States District Judge